**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 1, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAESAR RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-107
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Caesar Rodriguez pleaded guilty to a superseding information indictment charging him with attempt to manufacture methamphetamine. Rodriguez was sentenced to a 68-month term of imprisonment and to a three-year period of supervised release and was ordered to pay a $1,000 fine. Rodriguez gave timely notice of his appeal.

Rodriguez contends that the district court erred in attributing to him at sentencing a quantity of material that was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

byproduct and "only contained some quantity of the drug that may have not been useable or distributable." He contends that the byproduct or "bones" should not have been considered in determining his offense level.

There is no evidence in the record showing that the byproduct was not a "mixture or substance" as defined by the guidelines. See U.S.S.G. § 2D1.1(c), comment. (n.A). As there is no testimony on the subject whatsoever, the district court's determination that the "bones" should be included as a mixture or substance containing a detectable amount of methamphetamine is plausible in light of the record as a whole, and is therefore not clearly erroneous. See United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998). The judgment is

AFFIRMED.